IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICKY FRANKLIN,  )
　　　Plaintiff,  )
　　　　　　　　　　 )
　　　　　　　　　　 ) CIVIL ACTION 1:26CV-1059-SDG
vs.  )
　　　　　　　　　　 )
PANDORA E. PALMER, in her  )
Individual Capacity and her  )
Official capacity, and  )
STEPHANIE HUDSON  )
　　　Defendants.  )　JURY DEMAND

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 08 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## PLAINTIFF'S FIRST AMENDED COMPLAINT
## FOR VIOLATION OF CIVIL RIGHTS

COMES NOW Plaintiff, Ricky Franklin, and files this First Amended

Complaint for violation of Civil Rights and for Conspiracy pursuant to: 42 U.S.C.

§ 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985, 42 U.S.C. § 1986,

42 U.S.C. § 1988, and Title VIII of the Civil Rights Act of 1968 ("The Fair

Housing Act").

### I. INTRODUCTION

1. This is a civil action for damages, arising from the deprivation of Plaintiff's

constitutional rights. Defendants, acting in concert, deprived Plaintiff of

procedural due process by, among other things, accusing Plaintiff of fraud

without an evidentiary basis, denying Plaintiff a meaningful opportunity to

be heard on a motion for sanctions, and entering a punitive monetary

judgment before ruling on Plaintiff's timely motions for recusal and a new trial. This action seeks to hold Defendants accountable for their abuse of power and to vindicate Plaintiff's fundamental constitutional rights.

2. Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. The U.S. Supreme Court has stated that "no state  legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it". See also In Re*Sawyer,*124 U.S. 200 (188); *U.S. v. Will,* 449 U.S. 200, 216, 101S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980);*Cohens v. Virginia,* 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821). Any judge or attorney who does not report the above judges for treason as required by law may themselves be guilty of misprision of treason, *18 U.S.C. Section 2382.* "The attempt of a State officer to enforce an unconstitutional statute is a proceeding without authority of, and does not affect, the State in its sovereign or governmental capacity, and is an illegal act, and the **officer is stripped of his official character and is subjected in his person to the consequences of his individual conduct.** Ex Parte Young, <u>209 U.S. 123,124</u> (1908)

## <u>JURISDICTION</u>

2

3. This Court has jurisdiction under Title VIII of the Civil Rights Act of 1968 ("The Fair Housing Act") which constitutes an "express" exception, as it vests exclusive jurisdiction in federal courts. Defendants both separately and jointly and knowingly conspired to deny such Constitutional Rights and liberties secured by and under, among others, the 1ST, 4TH, 5TH, 7TH, 14TH Amendments by violating Title 42 U.S.C. 1981, 1982, 1983, 1985, 1986, 1988.

## PARTIES

4. Defendant PANDORA E. PALMER is an elected official and maintains an office in Henry County Superior Court, at 1 Courthouse Square, McDonough, GA 30253.

5. Defendant STEPHANIE HUDSON is a licensed attorney in the state of Georgia (Bar No. 402924) and maintains an office at Regions Plaza, Suite 1800 West Peachtree Street, Atlanta, Georgia.

6. The Plaintiff is RICKY FRANKLIN, a 57 years old, Foundational Black American disabled retired veteran who owns real property (personal resident) of substantial value at 708 Brambling Way, Stockbridge, GA 30281.

## STATEMENT OF THE CASE

3

7. The Plaintiff complains of racial bias in the form of a modern day "poll tax" disguised as an "award of attorneys' fees" as the only explanation for the harsh language, demeanor, and issuing of a $14,399 award of attorneys' fee for hallucinogenic case law that has been elevated to "fraud upon the court" without determining bad faith, willfulness, negligence, and without a hearing, obviously as a bar to the Plaintiff bringing additional suit to determine his property rights in his home. The State Court Judge and opposing Counsel conspired while ignoring all state law compliance of O.C.G.A. § 9-15-14 in an effort to achieve the end result by issuing excessive attorneys fees, taxing the Plaintiff out of his protected rights.

8. In our housing group where we diligently watch and defend our property rights, a pattern has seemed to emerge where the State Court Judges or the Opposing Attorneys don't have to use traditional racial epithets such as: "boy", "coon", "darkey", or nigger", or the like --- or to force you to count the number of beans in a jar or guess the number of bubbles in a bar of soap to achieve the same result of keeping a usually pro se and black homeowner out of the courts by simply finding some reason to issue attorneys' fees they know the average homeowner, let alone black homeowner can not afford. The fees are usually required to be paid first before refiling or challenging a usually erroneous and void order. The State Court usually with prodding and

4

assistance from opposing councils violate the mandatory hearing and notices of O.C.G.A. 9-15-14. While these same tactics don't seem to be applied to white pro se homeowners.

## HISTORY OF THE PROCEEDING IN THE STATE COURT

9.  On September 4th 2025, a hearing was held on Plaintiffs motion to vacate a Quiet Title Judgment in the Superior Court of Henry County Georgia, Case No. 20-cv-2364PP (the "State Court Action"), for the sole purpose of hearing argument on Plaintiff's Motion to Vacate.

10. During that hearing, Defendant Hudson, representing the opposing party, made an oral motion for attorney's fees for the first time, alleging that Plaintiff had used "bad case law." Plaintiff had no prior written motion or notice that the issue of sanctions would be considered at the hearing.

11. The State Court morphed the hearing into an ambush trial on attorneys fees for (hallucinogenic case law the Court characterized as fraud upon the court) — that the Plaintiff had no knowledge of until the Court brought it to his attention.

12. Immediately following Defendant Hudson's surprise oral request, Defendant Palmer, without taking evidence or allowing Plaintiff a meaningful opportunity to respond, accused Plaintiff of committing "fraud on the court" from the bench. (Exhibit A, 1st Transcript, p21, ¶25)

5

13. Of course under these abrupt circumstances the Plaintiff had no answer and could not possibly be prepared to answer for such an accusation of (fraud upon the court).

14. Particularly because the Plaintiff paid for a AI Case Law Research membership, "Cetient" and seeing that the industry has been monopolized by Reuters who purchased Westlaw and recently Casetext and seeing there is no other available case law engines to examine one another's case law results especially for a pro se disabled veteran who lives on a fixed income

15. The Court never scheduled or conducted a separate evidentiary hearing on the motion for attorney's fees. Plaintiff was thereby deprived of proper notice and a meaningful opportunity to prepare a defense, present evidence, and cross-examine witnesses regarding the fee request, as required by Georgia law. (Tthe Georgia Court of Appeals vacated a trial court's award of in attorney fees against Achut Honkan. The court ruled that the attorney fees were improper because no evidentiary hearing was held to allow Achut Honkan to challenge the basis for the award) *Honkan v. Honkan*, 283 Ga. App. 522 (2007)

16. The Court in an obvious way began to conspire and acquiesce to whatever attorney Hudson said. The Court allowed attorney Hudson, to verbally move for sanctions that the Court granted immediately (without a hearing) in an

irrational, inflated amount of $14,000 without the determination of bad faith whatsoever — obviously as a bar and (obvious poll tax) to the Plaintiff refiling a future suit, which is his First Amendment Right to redress his grievances to his Government.

17. Defendant Palmer ordered Defendant Hudson to submit documentation supporting the fee request by September 19, 2025, and granted Plaintiff until September 30, 2025, to file a response.

18. Defendant Hudson failed to timely file the required documentation. According to court records, the submission was attempted on September 19 but was rejected by the clerk. The documents were not successfully filed and accepted by the court until September 24, five days after the court-ordered deadline.

19. On September 29, in light of Hudson's late filing, Plaintiff requested a fifteen (15) day extension of time to prepare and file a comprehensive response. Plaintiff's reasonable request for an extension was summarily denied by the court clerk and Defendant Hudson on the same day, September 29.

20. On October 3, having observed clear evidence of bias and prejudicial conduct, Plaintiff filed a **Motion for Recusal** of Defendant Palmer, a

Motion for a New Trial, and a Motion to Set Aside Attorney's Fees. (See Exhibit B)

21. On October 6, Defendant Palmer signed a Final Order granting Defendant Hudson's motion and ordering Plaintiff to pay $14,399 in attorney's fees. Defendant Palmer entered this Final Order without ruling on, and in disregard of, Plaintiff's pending motions for recusal and new trial. (See Exhibit C)

22. On October 17, Defendant Palmer denied Plaintiff's Motion for Recusal as "untimely," despite it being filed as soon as the grounds for recusal became apparent and before the entry of the final fee order. ( See Exhibit D)

## CONTINUING CONSTITUTIONAL VIOLATIONS AND RETALIATORY CONDUCT

23. On **February 24, 2026**, Plaintiff filed the instant federal lawsuit, naming Defendant Palmer and Hudson as a defendants in their individual and official capacities for her role in the conspiracy to violate his civil rights.

24. Just two days later, on **February 26, 2026**, Defendant Palmer presided over a hearing in the State Court Action on Plaintiff's motion for a new trial. At the hearing,, Plaintiff repeated that no hearing was held for attorney fees, and Judge Palmer stated that "she is not required to have a hearing" (Exhibit E, 2nd Transcript, page 12,¶10-12)

8

25. At the February 26, 2026 hearing, Plaintiff informed Defendant Palmer that he is a 100% totally and permanently disabled veteran with no employment income. Plaintiff stated that his only way he survives consists of VA disability benefits, which are protected by federal and state law from garnishment and execution.

26. Plaintiff specifically stated: "Your honor, I don't have income; I only receive disability and its protected from garnishment and penalties." Defendant Palmer appeared unmoved and seemed to not receive this information, proceeding with the hearing despite this explicit notification that Plaintiff was protected by his veteran status. O.C.G.A §44-13-100 and §44-13-101, also, U.S.C 38 §5301 (a)(1) (Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or **seizure by or under any legal or equitable process whatever**, either before or after receipt by the beneficiary.) Defendant Palmer thereafter entered the judgment knowing full well that Plaintiff has no means to satisfy it.

27. Despite having been sued personally by Plaintiff for her conduct in the very same case, Defendant Palmer refused to recuse herself and proceeded with the hearing. This conduct violated **Rule 2.11 of the Georgia Code of Judicial Conduct, which mandates recusal in any proceeding where a judge's impartiality might reasonably be questioned.** A reasonable person would undoubtedly question the impartiality of a judge who is actively being sued by one of the parties appearing before her.

28. At this hearing, Defendant Palmer, now acting with a clear and undeniable conflict of interest, denied Plaintiff's motion for new trial and reaffirmed the punitive $14,399 attorney's fee award. (See Exhibit D, 2nd Transcript)

29. At the February 26, 2026, hearing, Defendant Hudson did not appear; instead, a different attorney appeared on behalf of the defendants. Regardless of which counsel appeared, the hearing proceeded with Defendant Palmer presiding despite her clear conflict of interest, thereby perpetuating the deprivation of Plaintiff's constitutional rights.

30. Defendant Palmer's decision to proceed with the February 26 hearing demonstrates actual bias, a retaliatory motive against Plaintiff for filing this federal lawsuit, and a continuation of the conspiracy to use her judicial office to deprive Plaintiff of his constitutional rights.

31. On March 27, 2026, Defendant Palmer, through counsel, filed her Motion to Dismiss in this federal action. That motion failed to disclose the material fact that she had presided over the February 26 hearing after being named as a defendant, demonstrating a lack of candor to this Court.

## COUNT I - VIOLATION OF THE FAIR HOUSING ACT DUE TO RACIAL BIAS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31, as if specifically pled herein.

The Defendants violated the Plaintiffs Civil Rights because of his race by their actions as stated throughout all Counts:

(a) Defendants Judge Palmer and Attorney Hudson conspired and violated the Plaintiff's civil rights and his right to the protect his possession of his home, by escalating the amount of the attorneys fee (obviously as a bar) to re-filing again and redressing any grievances in the state court;

(b) Defendants Judge Palmer violated the Plaintiff's civil rights and blatantly violated the state law and mandates of *O.C.G.A. 9-15-14*, by setting no hearing, giving no notice, and proving none of the elements of bad faith, willfulness, or intention negligence; and

(c) Defendant Judge Palmer (in blatant disregard of the state law) refused to comply with timely filed "Motions to Recuse" accompanied by affidavits or to follow *USCR 25.3* by ceasing in the case and appointing the motion to a different judge.

(d) Further compounding these violations when Defendant Palmer presided over the February 26, 2026, hearing with a direct conflict of interest, demonstrating that the deprivation of rights was not an error but a continuing, intentional act.

11

The Plaintiff has herein provided the most incontrovertible evidence in presenting his case to this court in the form of the transcripts and his sworn affidavit of the exchange between the Plaintiff, Defendant Judge Palmer, and Attorney Hudson. This evidence may allow a jury to conclude that such actions along with other evidence, that racial bias was at the heart of the Defendant's motives. See *Ash v. Tyson Foods infra* "that when qualifications such as "boy" are compared in a discrimination case, pretext can be established "only when 'the disparity in qualifications is so apparent as virtually to jump off the page and slap you in the face.'" (quoting *Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir.2004)).* This Court's judgment was vacated by the Supreme Court. *Ash v. Tyson Foods, Inc., 546 U.S. 454, 126 S. Ct. 1195 (2006) (per curiam).* The Supreme Court took issue with this Court's analysis of the racial implications of the word "boy."

*In Summary the Act (FHA) states as follows:*

> *The Fair Housing Act (FHA) was enacted "to provide, within constitutional limitations, for fair housing throughout the United States." The original 1968 Act prohibited discrimination on the basis of "race, color, religion, or national origin" in the sale or rental of housing, the financing of housing, or the provision of brokerage services. In 1974, Congress amended the Act to add sex discrimination to the list of prohibited activities. The last major change to the Act occurred in 1988 when it was amended to prohibit discrimination on the additional grounds of physical and mental disability, as well as familial status. However, legislation that would amend the FHA is routinely introduced in Congress, including H.R. 15, H.R. 697, H.R. 1431, H.R. 2846, H.R. 2918, H.R. 4439, S. 5, S. 1267, and S. 1293 in the 118th Congress. These bills would extend the Act's anti-discrimination provisions to prohibit discrimination expressly based on sexual orientation, gender identity, marital status, source of income, and status as a military servicemember or veteran.*

## COUNT II - VIOLATION OF 42 U.S.C. § 1981

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31, as if specifically pled herein.

The Defendants violated Plaintiff's rights under 42 U.S.C. § 1981 to the full and equal benefit of all laws and proceedings as is enjoyed by white citizens.

12

The conspiracy to impose a punitive financial sanction, and the subsequent refusal of Defendant Palmer to recuse herself after October 3rd 2025 and February 26, 2026, demonstrates a pattern of conduct intended to deny Plaintiff the same right to sue, be a party, and give evidence as is afforded to white citizens.

*42 U.S.C. § 1981 - Equal rights under the law, states as follows:*

*(a) Statement of equal rights*
*All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.*

*(b) Make and enforce contracts defined*
*For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.*

*(c) Protection against impairment*
*The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.*

## COUNT III - VIOLATION OF 42 U.S.C. § 1982

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31, as if specifically pled herein.

The Defendants' actions, designed to bar Plaintiff from court through a punitive financial judgment, directly burdened and impaired his ability to protect his right to hold and convey real property, a right protected under 42 U.S.C. § 1982. This impairment was furthered by the tainted proceedings of February 26, 2026.

*42 U.S.C. § 1982 - Property rights of citizens, states as follows:*

*All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.*

## COUNT IV - VIOLATION OF 42 U.S.C. § 1983 and 1ST, 5TH, & 14TH AMENDMENTS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31, as if specifically pled herein.

Defendants acted under color of state law to deprive Plaintiff of his rights secured by the Constitution, including: the First Amendment right to petition for redress of grievances, which was chilled by the punitive fee award; and the Fifth and Fourteenth Amendment rights to procedural due process, which were violated by the lack of notice, lack of a hearing, and the biased adjudication by a conflicted judge on February 26, 2026. Defendant Palmer (in blatant disregard of the state law) refused to comply with timely filed "Motions to Recuse" accompanied by affidavits or to follow *USCR 25.3* by ceasing in the case and appointing the motion to a different judge

*42 U.S.C. § 1983 - Civil action for deprivation of rights*

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

14

## COUNT  V- VIOLATION OF 42 U.S.C. 1985

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31, as if specifically pled herein.

The Defendants violated and (conspired) to violate the Plaintiffs Civil Rights because of his race as stated below:

(a) Defendants Palmer and Attorney Hudson conspired and violated the Plaintiff's civil rights and his right to the protect his possession of his home, by escalating the amount of the attorneys fee (obviously as a bar) to re-filing again and redressing any grievances in the state court;

(b) Defendants Palmer violated the Plaintiff's civil rights and blatantly violated the state law and mandates of *O.C.G.A. 9-15-14*, by setting no hearing, giving no notice, and proving none of the elements of bad faith, willfulness, or intention negligence; and

(c) Defendant  Palmer (in blatant disregard of the state law) refused to comply with timely filed "Motions to Recuse" accompanied by affidavits or to follow *USCR 25.3* by ceasing in the case and appointing the motion to a different judge

*42 U.S.C. § 1985 - Conspiracy to interfere with civil rights*

*(3) Depriving persons of rights or privileges*
*If two or more persons conspire to deprive any person or class of persons of the equal protection of the laws, and one or more persons engaged therein do any act in furtherance of the conspiracy whereby another is injured, the injured party may have an action for recovery of damages against any one or more of the conspirators.*

Defendants Palmer and Hudson conspired to deprive Plaintiff of the equal protection of the laws, in violation of 42 U.S.C. § 1985(3). The initial ambush hearing, the coordinated disregard for procedural deadlines and

rules, and their joint participation in the February 26, 2026, hearing after Defendant Palmer was legally and ethically disqualified, constitute overt acts in furtherance of this conspiracy. Defendant Palmer had knowledge of the conspiracy and the power to prevent the harm by recusing herself, but failed to do so, creating liability under 42 U.S.C. § 1986.

## <u>COUNT VI -VIOLATION OF 42 U.S.C. 1986</u>

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31, as if specifically pled herein.

The Defendants violated and conspired to violate the Plaintiffs Civil Rights because of his race  as stated below:

(a) Defendants Palmer and Attorney Hudson conspired and violated the Plaintiff's civil rights and his right to the protect his possession of his home, by escalating the amount of the attorneys fee (obviously as a bar) to re-filing again and redressing any grievances in the state court;

(b) Defendants Palmer violated the Plaintiff's civil rights and blatantly violated the state law and mandates of *O.C.G.A. 9-15-14*, by setting no hearing, giving no notice, and proving none of the elements of bad faith, willfulness, or intention negligence; and

(c) Defendant Palmer (in blatant disregard of the state law) refused to comply with timely filed "Motions to Recuse" accompanied by affidavits or to follow *USCR 25.3* by ceasing in the case and appointing the motion to a different judge

*42 U.S.C. 1986*

*Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable*

16

*to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action;*

**WHEREFORE, the Plaintiff PRAYS:**

1.  This Court use its Constitutional Powers to investigate and issue a report to the Attorney General of Georgia of the morphing and resurgence of these practices by State Courts so the State may take its proper actions;

2.  This Court use its Constitutional Powers to enjoin the Defendants from their practices; and

3.  This Court use its Constitutional Powers to AWARD all other damages monetary or other and relief whether to plead in this complaint or not.

## VERIFICATION

The Plaintiff on oath states that the facts set forth in this Complaint are true and correct to the best of his knowledge and belief under the penalty of perjury pursuant to 28 U.S.C. 1746.

Ricky R. Franklin

17

## CERTIFICATE OF SERVICE

I certify that I have on this date mailed in an envelope with proper postage affixed thereto for first-class delivery a copy of Plaintiffs First Amended Complaint on Plaintiff's COMPLAINT FOR CIVIL RIGHT VIOLATIONS.

Office of the Attorney General
Georgia Department of Law
Attn: Christoher M. Carr, Esq
Loretta L Pinkson-Pope, Esq
Rober A Chalmers, Esq
Maigan Jenkins, Esq
40 Capitol Square, SW
Atlanta, Georgia, 30334


HOLLAND & KNIGHT, LLP
Attn: Caroline J. Tanner, Esq
Stephanie Hudson
Regions Plaza, Suite 1180 West Peachtree Street
**Atlanta, Georgia  30309**

**COUNSEL FOR DEFENDANTS**


Plaintiff, *Pro-Se*

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281


Respectfully submitted, this 8th day of April 2026

18

# EXHIBIT A

**IN THE SUPERIOR COURT OF HENRY COUNTY**

**STATE OF GEORGIA**

Ricky R. Franklin,

     Plaintiff

  Vs.         Civil Action No. 2020-SU-CV-2364-PP

Wilmington Savings Fund Society FSB
Carrington Mortgage Services LLC,

     Defendants

---

Transcript of **MOTION TO VACATE JUDGMENT**

held in open court in the

Superior Court of Henry County

before **JUDGE PANDORA E. PALMER**

on September 4, 2025 beginning at 10:25 AM.

---

**APPEARANCES:**

FOR THE PLAINTIFF:    Pro se

FOR THE DEFENDANTS:    Ms. Stephanie Hudson
                    Holland & Knight
                    1180 West Peachtree Street NW
                    Suite 1800
                    Atlanta, GA 30309

*DONNA K. BELL*
*Official Court Reporter*
*P.O. Box 237*
*Locust Grove, Georgia 30248*
*770-288-7912*

THE COURT:  Pull the microphone up just a little bit.

MS. HUDSON:  There is no basis to dismiss, I mean, to vacate this Court's dismissal of the complaint which was upheld on appeal.

Plaintiff's motion and reply brief appear to contain AI hallucinations, flat out incorrectly state the law in Georgia.  Several cited cases do not exist, period.  Several cases that were cited that do actually exist do not hold what the plaintiff claims that they hold.

Plaintiff is a serial litigator and filed this frivolous motion for improper purposes.  Not only should the party's motion to vacate this Court's prior judgment be denied but defendant should be awarded attorney's fees for expenses of litigation pursuant to OCGA 9-15-14.

Just last month the Georgia Court of Appeals imposed a $2500 frivolous motion penalty on an attorney that -- for citing nonexistent cases that were frivolously generated by AI.  That was *Shahid v Essam*, 918 S.E.2d 198, 2025.  I have a copy of that opinion if Your Honor --

THE COURT:  Yes.  I would.  Thank you very much.

MS. HUDSON:  May I approach?

5

citing and what amount are you asking for and what is that based on?

Mr. Franklin, I will let you respond.

MS. HUDSON:  Your Honor, I do not have the amount with me today because we had multiple people work on this.  But it is OCGA 9-15-14(b).  The Court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if upon motion of any party or the Court itself it finds that an attorney or party while defending an action or any part thereof, that lack substantial justification, or that the action or any part thereof was interposed for delay or harassment. So it is Subsection B, Your Honor.

I would need to gather the exact amount of attorney's fees that we have incurred in defending on this.

THE COURT:  As well as it will need an affidavit on how long -- reasonableness of the fees as well as experience of the attorneys.  I know you said multiple attorneys have been working on it and the costs laid out.

MS. HUDSON:  Understood.  I can submit that, Your Honor.

THE COURT:  Anything else that you have?

17

cases from, Your Honor.

THE COURT: I know where she got them from, I don't know where you got these cases from.

My question to you that you filed in your motion to vacate in your reply brief because we are sanctioning attorneys for doing this as well as pro se parties that are doing this, you specifically cite several cases that there is no basis for the holding and she -- one is *American Bank of Georgia v Floyd*, there's no such case, I made notes of this.

THE PLAINTIFF: Ma'am, I --

THE COURT: *Bank of America NA v Adams*, there's no such case. This is on page 2 of your motion.

Do you have case law to back that up?

THE PLAINTIFF: Yes, Your Honor.

THE COURT: Where is your case law?

THE PLAINTIFF: *Sons of Confederate Veterans versus --*

THE COURT: I did not ask about *Sons of Confederate* -- I am familiar with that case but that is not for the holding that you cited for because that was out of Judge Amero's courtroom in this courthouse.

So what I am asking you specifically about that you need to answer me right now because this is very serious because it's a fraud upon the Court when

21

# EXHIBIT B

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HENRY COUNTY, GEORGIA

SUCV2020002364
PP

OCT 03, 2025 11:22 PM

Sabriya Hill, Clerk
Henry County, Georgia

**IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| RICKY R. FRANKLIN | § | Civil Action No: 20CV2364PP |
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
|  | § |  |
| V. | § |  |
|  | § |  |
| CARRINGTON MORTGAGE | § |  |
| SERVICES, LLC and | § |  |
| WILMINGTON SAVINGS FUND | § |  |
| SOCIETY, FSB AS TRUSTEE OF | § |  |
| STANWICH MORTGAGE LOAN | § |  |
| TRUST H | § |  |

Defendats

## PLAINTIFF'S EMERGENCY MOTION TO RECUSE JUDGE PANDORA E. PALMER

COMES NOW PLAINTIFF, Ricky Franklin, et al,. and shows the Court the following:

Petitioners files this Motion for the Recusal and Disqualification of Judge Pandora E. Palmer who issued an Order GRANTING attorney's fees to Attorney Hudson WITHOUT A HEARING AND A FINDING OF FACT— first pursuant to *O.C.G.A. 9-15-14* on September 8th 2025.

Judge Palmer while conducting hearing on the Plaintiff's Motion to Vacate an early dismissal allowed the Defendant to "sprang" on the Plaintiff after she dismissed his motion — the Defendant's verbal motion for attorney's fees. Strangely the Court expected the Plaintiff to be able to "answer and defend" allegation of providing hallucinogenic case law (a new phenomenon when AI produces non-existent case law) when he didn't know it was part of his motion. The Court dismissed the Plaintiff's motion and verbally stated he

would be made to pay $2,500. Regardless of the mistake the Plaintiff made and (it was a mistake) the Plaintiff has not been given opportunity to defend— yet from these occurrences the Court has shown absolute bias and prejudice. Later on September 8th in the Court's written Order required the Plaintiff to respond to the Defendant's "attorney work production" that was supposed to be filed on September 19th, requiring Plaintiff to have his response in in only 11 days on September 30th. (Affidavit Exhibit A) To add insult to injury, attorney Hudson did not have her documents correct and had to refile them, and when the Plaintiff requested more time to respond the Court refused the request. Judge Palmer has shown EXTREME BIAS and been willing to have a trial/hearing by ambush to grant attorney's fees to the Defendant as if she is working hand-and-hand with the Defendant's firm.

The Court violated the Plaintiff's due process rights and strict compliance with the statute. That the statute that provides attorneys fees is in derogation of common law and must be strictly construed." See *Carr v. Yim*, No. A23A0687 (Ga. Ct. App. Oct. 12, 2023) "As to attorney-fee statutes specifically, we have repeatedly explained that because any statute that provides for the award of attorney fees is in derogation of common law...,

The Court's bias has been shown by the denial of the following:

- An adequate hearing FIRST and a time to defend the Defendant's allegations;
- A chance to determine "bad faith" on behalf of the Plaintiff;
- A opportunity to refute all sanctions in particular the absurdity of expanding the sanction to $14,000; and
- Not allowing adequate time to respond to the Defendant's "attorney work production" while allowing the Defendant a second opportunity to refile them after missing their deadline.

This recusal is timely within 5 days of denying adequate time to respond to Defendant's "attorney production" pursuant to Uniform Superior Court Rules 25.1 which states in printing part:

*USCR 25.1: "Filing and presentation to the judge shall be not later than five (5) days after the affiant first learned of the alleged grounds for disqualification, and not later than ten (10) days prior to the hearing…… "*

*Rule 2.3 - Bias, Prejudice, and Harassment(A) Judges shall perform judicial duties without bias or prejudice.(B) A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, including but not limited to bias, prejudice, or harassment based upon age, disability, ethnicity, gender or sex, marital status, national origin, political affiliation, race, religion, sexual orientation, or socioeconomic status. Judges shall not permit court staff, court officials, or others subject to the judge's direction and control to do so.*

The United States Supreme Court has ruled that no "judicial officer can war against the Constitution without violating his undertaking to support it." *Cooper v. Aaron*, 358 U.S. 1, 78 S.Ct. 1401 (1958). If a judge does not fully comply with the Constitution, then his orders are void, *In re Sawyer,* 124 U.S. 200 (1888), she is without jurisdiction, and she has engaged in an act or acts of treason.

Finally Plaintiff requested his case in its entirety be given to a separate Justice for the reasons above.

WHEREFORE for the following reasons above the Petitioners give notice and respectfully request:

A. Appoint a disinterested replacement Justice, and that the Court RECUSE judge Palmer and restrain the Court from issuing any orders Dismissing or Concerning all claims of the Petitioners.

## CERTIFICATE OF SERVICE

This is to certify that I have served the **PETITIONERS' EMERGENCY MOTION TO RECUSE** upon the Respondents named below by placing a copy in the United States Postal Service, with postage prepaid on the date stated herein.

**HOLLAND & KNIGHT LLP**

**Stephanie Hudson**

**Georgia Bar No. 402924**

**Regions Plaza, Suite 1800**

**1180 West Peachtree Street**

**Atlanta, Georgia  30309**

**COUNSEL FOR DEFENDANTS CARRINGTON MORTGAGE SERVICES, LLC**

**AND WILMINGTON SAVINGS FUND SOCIETY, FSB**

Respectfully Submitted on October 3rd, 2025

Plaintiff, *Pro-Se*

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

4 of 4

# EXHIBIT A

## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

RICKY R. FRANKLIN

Plaintiff,

V.

CARRINGTON MORTGAGE
SERVICES, LLC and
WILMINGTON SAVINGS FUND
SOCIETY, FSB AS TRUSTEE OF
STANWICH MORTGAGE LOAN
TRUST H
Defendants

§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No: 20CV2364PP

### AFFIDAVIT IN SUPPORT PLAINTIFF'S EMERGENCY MOTION TO RECUSE JUDGE PANDORA E. PALMER

AFFIDAVIT OF RICKY R. FRANKLIN

BEFORE ME, the undersigned authority, personally appeared Ricky R. Franklin who being duly sworn, deposes and states as follows:

1. I am the Plaintiff in the above-captioned matter and I am competent to testify to the matters stated herein.

2. On September 8, 2025, the Court entered an order granting attorney's fees to the Defendant and ordering the Defendant to provide details by the 19th of September and Plaintiff to respond by the 30th.

1 | Page

3. On September 19, 2025, the Defendant was scheduled to file a work production in court. However, the filing was rejected due to an error.

4. On September 22, 2025, Defendant's counsel emailed me the work production directly.

5. On September 25, 2025, the Court accepted the Defendant's corrected filing.

6. On September 26, 2025, I contacted both Defendant's counsel and the Court to request an extension of time to respond, given the delay in receiving the work production.

7. On September 29, 2025, the Court declined my request for an extension, leaving me with a deadline of September 30, 2025, to respond.

8. I respectfully assert that the timeline and procedural irregularities created an undue burden and limited my ability to respond adequately.

*Ricky R Franklin*

**FURTHER AFFIANT SAYETH NOT.**

Ricky R Franklin

10/03/2025

State of Florida    County of Broward

Sworn to and subscribed before me

this 3rd day of _____October_____, 2025. Ricky R. Franklin.

___ Personally Known OR ___ Produced Identification    Type of Identification Produced ___Georgia Drivers License

Notary Public *Cynthia Gomez*

Cynthia Gomez

My Commission Expires: ___10/03/2025___



CYNTHIA GOMEZ
Notary Public - State of Florida
Commission # HH568321
Expires on July 8, 2028

Notarized remotely online using communication technology via Proof.

# EXHIBIT C

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

RICKY R. FRANKLIN,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )   CIVIL ACTION FILE NO:
                                  )   2020-SU-CV-2364-PP
CARRINGTON MORTGAGE SERVICES,     )
LLC and WILMINGTON SAVINGS FUND   )
SOCIETY, FSB AS TRUSTEE OF        )
STANWICH MORTGAGE LOAN TRUST      )
H,                                )
                                  )
            Defendants.           )
_____ )

## ORDER AND FINAL JUDGMENT AWARDING DEFENDANTS ATTORNEYS' FEES AND EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 9-15-14(b)

This matter came before the Court on Plaintiff Ricky R. Franklin's ("Plaintiff") Motion to Vacate Judgment and Defendants Carrington Mortgage Services, LLC and Wilmington Savings Fund Society FSB as Trustee of Stanwich Mortgage Loan Trust H's ("Defendants") Response in Opposition to same and Defendants' Motion for Attorneys' Fees and Costs. The Court held a hearing on Plaintiff's Motion to Vacate Judgment on September 4, 2025 (the "Hearing"), which was attended by Plaintiff proceeding *pro se* and counsel for Defendants, Stephanie R. Hudson. After consideration of the Plaintiff's Motion to Vacate Judgment, Defendants' Response in Opposition, Plaintiff's reply in support of the Motion to Vacate Judgment, the arguments presented by the parties at the hearing, and a review of the record, the Court finds as follows:

1.

On September 5, 2025, this Court entered an Order denying Plaintiff's Motion to Vacate Judgment and granting Defendants' motion for attorneys' fees and expenses of litigation pursuant

to O.C.G.A. § 9-15-14(b) made at the Hearing. The Court instructed Defendants to file a detailed request for attorneys' fees and expenses with any accompanying affidavits by September 19, 2025, and Defendants timely complied. Plaintiff had until September 30, 2025 to respond.

2.

IT IS HEREBY ORDERED in accordance with O.C.G.A. § 9-15-14(b), the Defendants' attorney of record, Stephanie R. Hudson, is awarded **$14,331.00 in attorney's fees and $23.50 in costs** as the amounts requested are reasonable and necessary attorney's fees and expenses incurred by Defendants in responding to Plaintiff's substantially frivolous, substantially groundless, and substantially vexatious Motion to Vacate Judgment.

3.

IT IS FURTHER ORDERED Plaintiff shall send the full payment of **$14,354.50** to Defendant's attorney of record, Stephanie R. Hudson, located at 1180 West Peachtree Street NW, Suite 1800, Atlanta, Georgia 30309 within thirty (30) days of this Order.

SO ORDERED this __6th__ day of October 2025.

Pandora E. Palmer, Judge
Superior Court of Henry County
Flint Judicial Circuit

Prepared and presented by:

Stephanie Hudson
Georgia Bar No. 402924
Regions Plaza, Suite 1800
1180 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 817-8500
Facsimile: (404) 881-0470
E-Mail: stephanie.hudson@hklaw.com
[*Edited by the Court*]

*Franklin v. Carrington Mortgage Services, LLC*
CAFN: 2020-SU-CV-2364-PP
2 of 2

# EXHIBIT D

**IN THE SUPERIOR COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

RICKY R. FRANKLIN,                           )
      Plaintiff,                           )
                          )
v.                                           )
                          )  CIVIL ACTION FILE NO:
CARRINGTON MORTGAGE SERVICES,                )  2020-SU-CV-2364-PP
LLC and WILMINGTON SAVINGS FUND              )
SOCIETY, FSB AS TRUSTEE OF                    )
STANWICH MORTGAGE LOAN TRUST                 )
H,                                           )
      Defendants.                          )
_____        )

## ORDER

The above-styled case comes before the Court on Plaintiff's Emergency Motion to Recuse Judge Pandora E. Palmer, filed October 3, 2025.

1.

A review of the record shows that Petitioner's motion was untimely filed in excess of five days after affiant learned of the alleged grounds for disqualification. THEREFORE, Plaintiff's Motion to Recuse Judge Pandora E. Palmer is hereby **DENIED** pursuant to Uniform Superior Court Rule 25.1.

SO ORDERED this the 15th day of October 2025.

Pandora E. Palmer, Judge
Henry County Superior Court
Flint Judicial Circuit

# EXHIBIT E

IN THE SUPERIOR COURT OF HENRY COUNTY

STATE OF GEORGIA

Ricky R. Franklin,

      Plaintiff

Vs.            Civil Action No. 2020-SU-CV-2364-PP

Wilmington Savings Fund Society FSB
Carrington Mortgage Services LLC,

      Defendants

---

Transcript of **PLAINTIFF'S MOTION FOR NEW TRIAL**

**AND TO SET ASIDE COURT ORDER**

held in open court in the

Superior Court of Henry County

before **JUDGE PANDORA E. PALMER**

on February 26, 2026 beginning at 9:56 AM.

---

**APPEARANCES:**

FOR THE PLAINTIFF:     Pro se

FOR THE DEFENDANTS:    Mr. Matthew T. Covell
                      Holland & Knight
                      1180 West Peachtree Street NW
                      Suite 1800
                      Atlanta, GA 30309

DONNA K. BELL
Official Court Reporter
P.O. Box 237
Locust Grove, Georgia 30248
770-288-7912

1

All right.  So this is your motion, Mr. Franklin. I believe you know the procedure from before.  So you do get to go first and tell me what your argument is and then Mr. Covell can ask you any questions, if he has them, and then he can present his side.

Do you have any questions about the procedure?

THE PLAINTIFF:  No, ma'am.

THE COURT:  Let me go ahead and swear you in since you are representing yourself.

(WHEREUPON, **RICKY P. FRANKLIN**, having been duly sworn by the Court, further testified as follows:)

THE COURT:  You may proceed, Mr. Franklin.

THE PLAINTIFF:  Yes, ma'am.  We are here today, Your Honor, I filed a motion for new trial because at the last time we met when we were here I was surprised by a motion -- or an oral motion for attorney's fees. I had no notice about that motion -- the oral motion for attorney's fees.  I thought we were here for, you know, my original motion to vacate -- to dismiss my quiet title.  And so that is why I filed the second motion for new trial.

Based on that, Your Honor, without a hearing you granted a judgment on attorney's fees.  It seems as though that is not impartial to my case under OCGA 9-15-14, supposed to be a hearing for the attorney's

3

fees and an opportunity for me to prepare and defend against that.

So last time we were here my position now is that my due process rights were violated and my constitutional rights were violated. So I have a pending case in federal court based on that.

And so under Official Code of, you know, the Georgia Professional Code Of Conduct 22.1 -- 22.11 -- or 2.11, right now it seems as though the Court can't be impartial to ruling in this case.

THE COURT: Mr. Franklin, that's not before this Court. The Court has already ruled on your motion to recuse. I assure you that I can be impartial and fair and that is why I have not recused myself. There were not any grounds for that recusal. So I have already addressed that issue and issued an order on that.

Go ahead with your argument.

THE PLAINTIFF: Okay. Your Honor, I filed a motion to recuse on --

THE COURT: That is not before the Court today. I want to hear what your motion for new trial is. I have already ruled on the motion to recuse.

THE PLAINTIFF: Okay.

THE COURT: And I issued an order on that.

THE PLAINTIFF: Okay. Your Honor, my main

4

argument is that the hearing for judgment on attorney's fees, my original motion to vacate my quiet title didn't follow the law under OCGA 9-15-14, which requires a mandatory hearing to see if I am responsible for attorney fees.

Furthermore, Your Honor, I am -- the oral motion, that surprised me, I am a hundred percent disabled vet. I don't have any income, I get disability. So and I tried to explain that during the motions and my responses.

After I filed a motion for an extension on September -- well, I called the court on September 29th for motion for extension and then -- which was denied -- for me to answer the attorney's, Ms. Hudson's, work product, they had produced. Once I figured that the Court would not allow me the opportunity to extension and that's when I filed -- again, I know we're not talking about the motion to recuse but that's when I filed a motion recuse.

Your Honor, it's --

COURT REPORTER: Mr. Franklin, could you move the microphone back just a little bit. The microphone, can you move it back, please?

THE COURT: That order that I entered on the motion to recuse was done back on October 17, 2025.

5

Go ahead, Mr. Franklin.

THE PLAINTIFF:  So under certain laws, Your Honor, under the Georgia Code Annotated 44-13-100, 44-13-1(1), my disability is exempt from garnishment and that's all I have, I don't have a job, I don't have any of that.  Like I said, I am a hundred total percent disabled vet as ruled by the Veterans Administration.

And so that is why we're here today, Your Honor, because I needed a hearing for attorney's fees and I would like to vacate the judgment for attorney's fees because I never had a hearing for it.

THE COURT:  All right.

MR. COVELL:  Good morning, Your Honor.

I am filing in for my colleague, Stephanie Hudson, who was the attorney that participated in the September 4th hearing.

As best as I can understand plaintiff's position, he does not feel like he got sufficient opportunity to address the motion for fees and so I will just briefly summarize for the Court what happened.

So on September 4th, Ms. Hudson made an oral motion for fees and the reasoning was that there was substantial evidence that --

THE COURT:  Just so the record is clear, her oral

6

judgment and granting defendant's motion for attorney's fees and expenses of litigation pursuant to OCGA 9-15-14(b), I did not issue an attorney's fees judgment in that order.

What I said was that defendants have until September 19, 2025, to file a detailed request for attorney's fees and expenses with any accompanying affidavits. And then I gave you until September 30, 2025, to respond.

And then, you are correct, that I said I would schedule a hearing on attorney's fees and expenses if warranted. But I am not required to.

Once I reviewed the defendant's request for attorney's fees, the Court then did issue a judgment awarding defendants attorney's fees and expenses of litigation pursuant to OCGA 9-15-14(b) and that was on October 6, 2025, and I made findings in that order to which you have timely appealed. And that's why we're here now to hear the motion for new trial.

But I will state further, on a motion for new trial pursuant to OCGA 9-11-60, it must be predicated upon some intrinsic defect which does not appear upon the face of the record or pleadings. It specifically states in 9-11-60(d), because you've also filed a motion to set aside, you have to show that when you're

12

Ricky Franklin
708 Brambling Way
Stockbridge, GA 30281



Holland & Knight LLP
Attn: Caroline T. Tanner Esq
Stephanie Hodson
Regions Plaza, Suite 1180
West Peachtree St
Atlanta, GA 30309