**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RICKY FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:26-cv-1059-SDG |
| PANDORA E. PALMER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT JUDGE**
**PANDORA PALMER'S MOTION TO DISMISS**

Defendant Judge Pandora Palmer, through counsel, respectfully submits this brief in support of her motion to dismiss the claims that are asserted against her in the amended complaint. Doc. 11.

**INTRODUCTION AND FACTUAL ALLEGATIONS**

Plaintiff, Ricky Franklin, initiated this action by filing a complaint on February 24, 2026. Doc. 1. Defendant Palmer filed her motion to dismiss on March 27, 2026, and Defendant Hudson, filed her motion to dismiss on April 1, 2026. Docs. 6, 7. Plaintiff then amended his pleading as of right. Doc. 11. In the amended complaint he brings claims for alleged violations of the Fair Housing Act; 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983 for First, Fifth, and Fourteenth Amendment violations; 42 U.S.C. § 1985; and 42 U.S.C. § 1986. Doc.

11 at ¶ 11-17. For relief he asks this Court to investigate and issue a report; enjoin

Defendants from their alleged unlawful practices; and award monetary and other

damages. *Id.* at ¶ 17. Accepting its fact allegations as true, the complaint alleges

the following.[1]

On September 4, 2025, a hearing was held on Plaintiff's motion to vacate a

quiet title judgment in front of Judge Palmer with Defendant Hudson as opposing

counsel. *Id.* at ¶¶ 9-10. During that hearing, Defendant Hudson made an oral

motion for attorney's fees and mentioned that Plaintiff had used "bad case law." *Id.*

at ¶¶ 10. The hearing then turned to discussing attorneys' fees and the

hallucinogenic case law. *Id.* at ¶¶ 11. Judge Palmer gave Plaintiff an opportunity to

respond in court, which Plaintiff says he was not prepared for, and mentioned that

citing fake cases was "fraud on the court."[2] *Id.* at ¶¶ 12-14. Judge Palmer granted

attorneys' fees and ordered Defendant Hudson to submit documentation supporting

the requested attorneys' fees by September 19, 2025, and for Plaintiff to respond

by September 30, 2025. *Id.* at ¶¶ 16-17. Defendant Hudson submitted the

documentation on September 24, 2025, and Plaintiff requested an extension to

---

[1] For purposes of this motion fact allegations of the complaint are accepted as true, legal conclusions and unwarranted deductions of fact are not. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

[2] Plaintiff admits to using AI as his only means of researching case law in his motions before Judge Palmer. Doc. 11 at ¶¶ 14.

respond which was denied and submitted his response on September 30, 2025. *Id.* at ¶¶ 18-19. Plaintiff filed a motion for the recusal of Judge Palmer, along with a variety of other motions to overturn the orders, on October 3, 2025. *Id.* at ¶¶ 20. On October 6, 2026, Judge Palmer signed a final order and ordered Plaintiff to pay attorneys' fees. *Id.* at ¶¶ 21. On October 17, 2025, Judge Palmer denied Plaintiff's motion for recusal as untimely. *Id.* at ¶¶ 22.

On February 24, 2026, Plaintiff filed this lawsuit. *Id.* at ¶¶ 23. On February 26, 2026, Judge Palmer presided over a hearing on Plaintiff's motion for new trial. *Id.* at ¶¶ 24. Plaintiff argued that he would not be able to pay the attorney's fees due to his disabilities and reliance on disability benefits from the VA. *Id.* at ¶¶ 25-26. Judge Palmer denied Plaintiff's motion. *Id.* at ¶¶ 28. Judge Palmer filed her motion to dismiss the initial complaint on March 27, 2026, and did not mention the February 26, 2026, hearing. *Id.* at ¶¶ 31.[3]

<strong>ARGUMENT AND CITATION OF AUTHORITY</strong>

The claims in this lawsuit against Judge Palmer are barred by the doctrine of absolute judicial immunity.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.

---

[3] The February 26, 2026, hearing is not discussed in the initial complaint. Doc. 1.

2000) (internal quotations omitted) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (citing *Stump*, 435 U.S. at 356), and also even when it is alleged that she conspired with others to bring about a deprivation of rights. *See Cox v. Mills*, 465 Fed. Appx. 885, 887 (11th Cir. 2012).

In this case, both of the prerequisites for the application of absolute judicial immunity are satisfied. First, the acts challenged are "functions normally performed by a judge," and in connection with those acts Plaintiff "dealt with [Judge Palmer] in [her] judicial capacity." *Stump*, 435 U.S. at 361. From the complaint it is clear that all of the challenged acts occurred are regarding the order and awarding of attorneys' fees in the course of the referenced state court proceeding while it was pending before Defendant Judge Palmer. Thus, this case concerns acts taken in a judicial capacity. *See Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005). Second, Defendant Judge Palmer did not act "in the clear absence of all jurisdiction" because the Superior Courts in Georgia are courts of general jurisdiction and this includes jurisdiction over such matters such as the underlying quiet title action as well as attorney's fees and sanctions. *See* Ga. Const. Art. VI, Sec. I, Par. I; *see also* O.C.G.A. § 15-6-8; O.C.G.A. § 9-15-14.

The amended complaint alleges that Judge Palmer did not follow proper procedures at some of the hearings, did not have a separate hearing on attorneys' fees, failed to recuse herself which Plaintiff alleges are violations of state laws and the Georgia Code of Judicial Conduct. Doc. 11 at ¶¶ 7, 15, 26, 27. However, judicial immunity is not lost when a judge commits an error or even "grave procedural error." *Stump*, 435 U.S. 349, 359 (1978). The caselaw is very clear that judicial immunity is still afforded even when the judge may have acted in error so long as the act in question was judicial and the judge did not act in the complete absence of all jurisdiction. *Id.* at 460-363; *see also Johnson v. Ga. Bureau of Investigation*, 2025 U.S. Dist. LEXIS 271422, *8 (N.D. Ga. July 14, 2025).

As to any claims for injunctive relief, under *Pulliam v. Allen*, 466 U.S. 522 (1984), a state judge does not have absolute immunity from claims for injunctive relief in a section 1983 action. *Id.* at 536. But the reach of *Pulliam* is limited by the amended language of section 1983. As amended after *Pulliam*, section 1983 now forecloses injunctive relief for "judicial" acts. *See* 42 U.S.C. § 1983 (stating "injunctive relief" is not available "for an act or omission taken in such officer's judicial capacity …"). This case appears to seek to overturn state trial court orders

and decisions which are clearly judicial acts. The statute squarely forecloses such relief.[4]

**CONCLUSION**

For the foregoing reasons, Defendant Judge Palmer requests that this Court grant her motion and dismiss all claims that are asserted against her in the amended complaint.

Respectfully submitted,

Christopher M. Carr      112505
Attorney General

Loretta L. Pinkston-Pope      580385
Deputy Attorney General

Roger A. Chalmers      118720
Senior Assistant Attorney General

/s/ Maigan Jenkins
Maigan Jenkins      568725
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Maigan Jenkins
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 585-8916
Fax: (404) 651-5304
Email: mjenkins@law.ga.gov

---

[4] By its terms section 1983 would allow injunctive relief only if "a declaratory decree was violated or declaratory relief was unavailable," and there is no such allegation here.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(D)

Pursuant to Local Rule 7.1(D), I hereby certify that this motion and brief in support is submitted in Times New Roman 14-point type as required by Local Rule 5.1(B).

/s/ Maigan Jenkins
Maigan Jenkins


## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which constitutes service on all attorneys who have appeared in this case and are registered to use the ECF system.

I further certify that I have mailed by United States Postal Service, postage paid, the foregoing document to the following non-CM/ECF participant:

Ricky Franklin
708 Brambling Way
Stockbridge, GA 30281

This 22nd day of April, 2026.

/s/ Maigan Jenkins
Maigan Jenkins